IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CAROL JEAN JAMES | § | |
| | § | 7:02-CV-0291-KA |
| | § | Consolidated with: |
| VS. | § | 7:03-CV-004-R |
| | § | 7:03-CV-005-R |
| NOCONA GENERAL HOSPITAL, | § | 7:03-CV-006-R |
| *et al.* | § | 7:03-CV-008-R |
| | § | 7:03-CV-009-R |
| | § | 7:03-CV-0022-R |
| | § | 7:03-CV-0034-R |
| | § | 7:03-CV-0040-R |
| | § | 7:03-CV-0042-R |

## MEMORANDUM AND ORDER

COMES NOW for consideration **John R. Fitch's Motion to Substitute for Plaintiff Billie Jean Huggins, to Extend 90-day Period Under Fed. R. Civ. Pro. 25, and to Divide Settlement Proceeds** (Document #178 filed March 13, 2007) (hereinafter "Substitution Motion"). The Court has considered Plaintiff's Substitution Motion and the oppositions thereto, including, but not limited to, the opposition filed by Harold Gene Vanderburg, Plaintiff in 7:03-CV-008-R ("Harold Suit") and by Defendants, Lin Dingler, MD., et al. ("Doctor Defendants"). The foregoing parties appeared by and through their respective attorneys for telephone conference hearing conducted March 29, 2007. Considering the pleadings, responses and arguments of counsel, I find and conclude as set forth below.

## HISTORY

On or about January 3, 2003 Billie J. Huggins filed her Original Complaint in Cause No. 7:03-CV-005-R ("Huggins Suit"). By the Original Complaint, Huggins alleged that she appeared individually and "as representative and as Temporary Administrator" of the Estate of Dorothy Jean Vanderburg (the "Decedent"), and further alleged that she was the adult daughter of the Decedent,

that she was a representative of the Estate of Dorothy Jean Vanderburg and the Temporary Administrator of the Estate of Dorothy Jean Vanderburg. In paragraph 2 of the Complaint, Huggins alleged that the Estate of Dorothy Jean Vanderburg was represented by her and that there was no administration then pending. At the time of the filing of the Complaint, no administration of the Estate of Dorothy Vanderburg (full or temporary) had been commenced. The Complaint alleged causes of action for Wrongful Death and for Survival Action within the two categories she alleged tort causes of action for medical and pharmaceutical malpractice and Constitutional violations.

Three days later, on January 6, 2003, Harold Gene Vanderburg filed his Original Complaint in his individual capacity and "as heir to the Estate of Dorothy Jean Vanderburg" against substantially the same defendants on substantially the same causes of action. These two cases were consolidated for discovery purposes with numerous other Wrongful Death and "Survival" actions and were eventually stayed and later reconsolidated for purposes of trial.

Billie Jean Huggins died on October 12, 2003, ten months after her suit was filed, and no one, neither Plaintiff nor Defendant, filed a Suggestion of Death until December 2006. On March 13, 2006, within ninety (90) days after the 2006 filing of the Suggestion of Death, John R. Fitch, as the duly appointed and acting independent executor of Billie Jean Huggins' Estate filed the Substitution Motion under consideration. On February 24, 2007, Fitch filed an Application for Letters of Independent Administration and Application to Determine Heirship in the probate court of Montague County, Texas, seeking appointment as Administrator of the Estate of Dorothy Jean Vanderburg, deceased. In his Substitution Motion, Fitch has asked for a 90-day extension of time to permit himself to be qualified as the Independent Executor of the Estate of Dorothy Jean Vanderburg so that he could then substitute for Billie Huggins in the Huggins Suit in that capacity. In a countermove, Harold Vanderburg filed in the Texas probate court an opposition to the

Application for Letters of Independent Administration and requested the cause to be transferred from the County Court to the District Court of Montague County, Texas. Promptly upon such transfer, Harold Vanderburg filed a Notice of Removal, removing the cause to the Wichita Falls Division of the U.S. District Court for the Northern District of Texas where it was assigned No. 7:07-CV-048-R. On March 29, 2007, the U.S. District Judge entered an Order of Reference referring the Notice of Removal and potential remand to the undersigned for hearing, recommendation and/or determination. On this procedural status, the parties have argued as follows:

Fitch argues: (1) that his Motion to Substitute himself as Executor of the Estate of Billie Huggins in place of the deceased Billie Huggins was timely filed (i.e., within the 90 days from the first Suggestion of Death as mandated by Rule 25[a]); (2) that this Court should grant an extension of time to allow Fitch to proceed in state probate court to be appointed as the administrator/executor of the Estate of Dorothy Vanderburg and thereupon to substitute himself in this suit in such capacity since he seeks such substitution in place of Billie Huggins and Harold Vanderburg as heirs of Dorothy Vanderburg; and (3) that pending such subsequent substitution, this Court should take some action to impound settlement funds paid on behalf of the Pharmacy Defendant(s) so that such sums may be properly distributed to the rightful beneficiaries of Dorothy Vanderburg's Estate's "survived" personal injury causes of action and/or the beneficiaries claiming monetary compensation for the wrongful death of Dorothy Vanderburg.

Harold Vanderburg argues: (1) that Billie's wrongful death action died with her, and with regard to the survival action, her executor's request to substitute after three years of lying behind the log by not filing a suggestion of death should preclude this last minute substitution now that lots of settlement money is lying on the table; and (2) that with respect to Billie's executor's request for extension of time to qualify as administrator of the Estate of Dorothy Jean Vanderburg, Harold

argues that as Dorothy's son and heir, he is (a) entitled to pursue his own wrongful death action and (b) he is a proper representative of the Estate of Dorothy Jean Vanderburg as to pursue the survival action without interference from Mr. Fitch. Besides, Harold argues, Mr. Fitch has lain behind the log for, lo, these many years since Billie's death. Therefore, the court should not extend time for Fitch to qualify as administrator of Dorothy's Estate, Harold argues.

The Doctor Defendants argue not only that an extension of time should not be granted and that the Court should dismiss Billie's wrongful death action, but that because of Fitch's sworn statement in Billie's probate case that she had no claims owing to her, he should now be "judicially estopped" in this case from pursuing the survival action on either the malpractice or constitutional violation grounds.

The attorney for the Pharmacy defendant(s), having tendered and paid agreed settlement funds, asks the Court to solve the proper party issue since he wants and needs proper parties to sign appropriate releases and dismissals to protect his settling client.[1]

Countering Defendants' respective arguments, Fitch argues that judicial estoppel does not apply because the allegation by Fitch in Billie's probate proceeding that there was no claim owing to Billie's Estate was a proper allegation at the time because the survival claims are owned by Dorothy's Estate and not owned by Billie's estate, although at the time of the filing of the Original Complaint Billie, as an heir, was a permitted representative of Dorothy's Estate providing there was no administration thereof. With respect to the Defendants' arguments based on "lying behind the log," Fitch argues that _any_ party (whether claimant or defendant) is entitled to file a Suggestion of Death. Hence, the Defendants were derelict themselves in protecting their own interests and Fitch's

---

[1] Notwithstanding an apparent settlement with the Pharmacy defendant(s), there remain many other non-settling defendants against whom wrongful death and survival actions will remain pending.

Substitution Motion was timely filed in the manner provided by the Rules. Furthermore, Dorothy's Estate is entitled to have a court-appointed representative to appear and represent the Estate in the litigation in this Court arising out of Dorothy's death, be it in Billie's Suit or in Harold's Suit.

During the course of the hearing, Fitch's representatives conceded that, in accordance with case authority in Texas, Billie's wrongful death action died with her. Accordingly, an Order of Dismissal will be entered disposing of Billie's wrongful death claim.

## ANALYSIS

There is no federal wrongful death or survivalship statute; rather federal law follows the law of the forum state. *Robertson v. Wegmann,* 436 U.S. 584, 587-90, 56 L.Ed 2d 554, 98 S.Ct. 1991 (1978); See *Aguillard v. McGowen,* 207 F.3d 226 (5th Cir., 2000); *Rhyne v. Henderson County,* 973 F.2d 386 (5th Cir. 1992). Causes of action for "wrongful death" are statutory causes of action contrary to the common law. Wrongful death causes of action are available only to the statutory beneficiaries. The Wrongful Death statute in effect at the time of Dorothy Vanderburg's death was Sec. 71.001 *et seq.* of the Texas Civil Practice and Remedies Code. Section 71.004 expressly provides that the action for damages arising from the death shall be for the "exclusive benefit of the surviving spouse, children and parents of the deceased." A wrongful death cause of action conferred solely by virtue of the Wrongful Death statute and existing for the sole and exclusive benefit of the statutory beneficiaries ceases to exist upon the death of the named beneficiary. *Austin Nursing Center v. Lovato,* 171 S.W.3d 845 (Tex. 2005); *Carter v. Van Meter,* 495 S.W.2d 583, 586 (Tex.Civ.App.-Dallas, 1973, writ dism'd); *Huntington v. Walker's Austex Chili Co.,* 285 S.W.2d 255, 257 (Tex.Civ.App.-Waco, 1955, writ ref'd); *Johnson v. City of Houston,* 813 S.W.2d 227 (Tex.Civ.App.-Houston [14th Dist.], 1991, writ den'd). If no statutory beneficiary files a wrongful death action, the administrator or executor of the decedent's estate may file. Sec. 71.004(c).

Accordingly, at the time that Billie Huggins filed her suit, she was a proper statutory beneficiary with standing and capacity to bring a wrongful death action on her own behalf. Likewise, three days later when Harold filed his suit, Harold Vanderburg was a proper statutory beneficiary with standing and capacity to file his suit for the wrongful death of Dorothy Vanderburg.

The Texas Survival statute abolished the common law rule that a cause of action for personal injury abates when the injured person dies. *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 344 (Tex. 1992). The current Texas Survival statute is located in Texas Civil Practice and Remedies Code Sec. 71.021. Under the Survival statute an heir or representative of the estate is allowed to pursue the decedent's personal injury claim. The Survival statute does not create a new cause of action; it merely permits the injured decedent's cause of action to survive his/her death. *Kramer v. Lewisville Memorial Hosp.*, 858 S.W.2d 397, 404 (Tex. 1993). As expressly provided in subpart (b) of Sec. 71.021, "a personal injury action survives to and in favor of the heirs, legal representatives and the estate of the injured person." This means that the action can be brought by an heir or a legal representative of the estate. See *County of Dallas v. Sempe*, 151 S.W.3d 291 (Tex.App.-Dallas, 2004, petition for review granted). For a thorough outline and summary of the case law relating to the standing and capacity issues in Wrongful Death and Survival actions, see Chapter 7A and 7B O'Connor's Causes of Action 2007, Jones McClure Publishing, December 8, 2006. Accordingly, when Billie Huggins first filed her action seeking to recover personal injury damages sustained by Dorothy Vanderburg, as one of her heirs, Billie had standing and capacity to pursue such Survival action; provided there was no personal representative then appointed. As an heir Billie, in order to establish her capacity to pursue the Survival action, was obligated to allege and prove that there was no then existing personal representative of Dorothy Vanderburg's estate, i.e., there was no executor, independent executor, administrator, independent administrator or temporary administrator.

Similarly, when Harold Vanderburg filed his action, he had standing and capacity to bring a Survival action upon alleging and proving that there was no then personal representative of Dorothy Vanderburg's estate. See *Lovato*, supra.; *Shepherd v. Ledford*, 962 S.W.2d 28, 33-34 (Tex. 1998). Therefore, until Billie's death, proper parties were before the Court in proper capacities - Billie, individually and as heir, and Harold, individually and as heir. The death of Billie caused her individual claims for Wrongful Death to die with her. The effect of her death on her capacity to pursue the Survival action comes into question.

Although John Fitch in his capacity as executor of Billie's estate has standing and capacity to substitute for her, the question arises whether in such capacity he has capacity to pursue the Survival actions on behalf of Dorothy's estate. Clearly, as the executor of Billie's estate he does not fall expressly within the persons named in Sec. 71.021(b) as having capacity to pursue Dorothy Vanderburg's personal injury action that survived. To solve this capacity issue, John Fitch has sought appointment as executor of Dorothy's estate so that he may then gain capacity to pursue her causes of action on behalf of her estate for the benefit of himself and all other heirs of Dorothy Vanderburg. Fitch argues that under the authority of *Lovata*, once he secures appointment as executor or administrator of Dorothy Vanderburg's estate and substitutes in the case in such capacity, his appearance alleging that representative capacity will satisfy the relation back requirements.

So, although Billie's wrongful death claim is dismissed, at the time of her death she was a proper person to have pursued the survival action on behalf of Dorothy's Estate. Likewise, Harold, individually as an heir, was a proper person to pursue the survival action on behalf of Dorothy's Estate. There now being a conflict between the two as evidenced by their respective actions and counter-actions outlined above, it is for the Court to determine which of the two and in what capacity Dorothy's surviving action may continue to proceed, either to trial or through settlement or

distribution of currently tendered settlement funds.

I find that John R. Fitch has timely filed a Motion for Substitution of himself as administrator of Billie Huggins' Estate. An Order granting such substitution will be entered. I further find that John R. Fitch is not estopped from seeking an extension of time for himself <u>or another</u> to be appointed as administrator of the Estate of Dorothy Jean Vanderburg for the purpose of allowing such person, when appointed, to enter a proper appearance in this consolidated cause as the proper representative of Estate of Dorothy Jean Vanderburg, the owner of the survivor actions. Whether that administrator is John R. Fitch, Harold Vanderburg or someone else, the time is ripe for entry of a proper representative with the proper capacity to pursue the Survival actions. Whoever becomes such legal representative should be substituted in both the Huggins Suit <u>and</u> the Harold suit.

This then brings the Court to the issue concerning the pendency of the removed probate action. The Supreme Court of the United States originally addressed a similar issue in 1946 in *Marcum v. Allen,* 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256, stating in general federal jurisdiction does not extend to matters strictly probate or administrative in nature because they are statutory, involve proceedings *in rem,* and do not belong to the general jurisdiction of a court of equity. Although it is true that a federal court may not directly probate a will or undertake the administration of an estate, the statement that federal courts have no probate jurisdiction is too broad. *See also Looney v. Capital National Bank of Austin, Texas,* 235 F.2d 436 (5th Cir. 1956, cert. den'd), 352 U.S. 925, 77 S.Ct. 222, 1 L.Ed.2d 161; *Lemery v. Ford Motor Co.,* 244 F.Supp.2d 720 (D.C.S.D. - Tex. 2002);13B, Wright & Miller, <u>Federal Practice and Procedure</u>, p. 481-482 and cases cited.

Most recently, the Supreme Court further explained the rationale behind the probate exception" to federal jurisdiction vis a vis the Court's jurisdiction to determine ownership issues. *Marshal v. Marshal,* 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) d/b/a Anna Nicole

Smith case.

The appointment and/or qualification of administrators of estates is particularly within the province of the probate courts of the State of Texas. So are challenges to the appointment and/or qualifications of executors or administrators. So is the continued administration of estates, the filing of inventories, annual accounts, etc. I have no doubt that the probate courts of the State of Texas can timely and properly resolve the conflicts between Mr. Fitch and Mr. Vanderburg as to whether and which of them or others should be appointed administrator of Dorothy's Estate. Accordingly, I recommend to the District Court that the probate action be immediately remanded whence it came.

While recommending that the District Court decline to exercise jurisdiction over the probate matters, this Court does have and will continue to retain jurisdiction over the "res," that is, the claims of the respective heirs of Dorothy Vanderburg to her Estate's recovery for her personal injuries (the Survival action). This Court correctly acquired jurisdiction of the "res" when the two suits (Huggins Suit and Harold Suit) were filed. The subsequent death of one of the plaintiffs did not oust this court of jurisdiction once acquired. Continued exercise of jurisdiction over the "res" does not and will not interfere with the State probate court's exercise of its jurisdiction and powers over the appointment of a proper estate representative and the administration of such estate. If an administrator is timely appointed, such administrator can be permitted to substitute herein as a real party in interest. But if the State probate court should fail to adjudicate the appointment of an estate representative in a timely manner, this Court will still have the jurisdiction to adjudicate (at the appropriate time) the rights of the parties before it to the proceeds, if any, of the Wrongful Death and Survival claims. If Harold Vanderburg and John Fitch are unable to resolve their own dispute over the settlement funds, this Court is certainly capable of handling and adjudicating a proper allocation of interplead funds, thereby binding the parties and their privities by judgment having more force than a mere release.

Apart from the fact that the two children of Dorothy Vanderburg filed separate lawsuits through separate attorneys with separate fee arrangements, these two lawsuits have essentially the same issues of fact and law. I find and conclude that these two cases should be specially consolidated pursuant to Rule 42, Federal Rules of Civil Procedure, to be carried under Cause No. 7:03-CV-008. Parties Fitch and Harold are granted 90 days in which to join or secure the voluntary appearance of a proper legal representative of the Estate of Dorothy Vanderburg.

While Fitch and Harold, by their respective submissions and arguments, have attempted to draw the Court into the adjudication of their respective rights or interests in the "settlement funds," these issues are not properly before the Court at this time. Incident to this Court's ordered consolidation of the two cases, counsel for the respective parties in this joined case have fiduciary responsibilities with respect to which the Court has the utmost confidence the attorneys will appropriately discharge. No current intervention by this Court with respect to the settlement funds is necessary since the officers of this Court can be counted on to discharge their own fiduciary duties or if in conflict may interplead the settlement funds. Once this conjoined case has been adjudicated, the division of proceeds may be handled by agreement among the conjoined parties and their counsel or, alternatively, by the Court incident to an interpleader.

**IT IS, THEREFORE, ORDERED** that John R. Fitch, as Independent Executor of the Estate of Billie J. Huggins, be and is hereby substituted for Billie J. Huggins, deceased.

**IT IS FURTHER ORDERED** that Cause No. 7:03-CV-005-R be, and the same is hereby, joined and consolidated with Cause No. 7:03-CV-008-R, **henceforth to be carried under Cause No. 7:03-CV-008-R** as a portion of the larger consolidated case 7:02-CV-0291-KA.

**IT IS FURTHER ORDERED** that John R. Fitch and Harold Vanderburg be, and are hereby, granted an extension of ninety (90) days from the date hereto to qualify as or secure the appointment

of an administrator of the Estate of Dorothy Jean Vanderburg and to secure the entry of appearance of such administrator in this consolidated and conjoined case, or, in lieu of such voluntary joinder, said administrator shall be joined as an involuntary plaintiff. The 90-day requirement for substitution is hereby tolled until the State District Court appoints an administrator of the Estate of Dorothy Jean Vanderburg.

**IT IS FURTHER ORDERED** that Billie J. Huggins' claim and cause of action for the Wrongful Death of Dorothy Jean Vanderburg be, and the same is hereby, **DISMISSED**.

**SO ORDERED**, this 4th day of April, 2007.

*[signature]*
ROBERT K. ROACH
UNITED STATES MAGISTRATE JUDGE