IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BILLIE J. HUGGINS | § | |
| vs. | § | 7:03-CV-005-KA |
| NOCONA GENERAL HOSPITAL, et al. | § | |

AND

| | | |
|---|---|---|
| HAROLD GENE VANDERBURG | § | |
| vs. | § | 7:03-CV-008-KA |
| NOCONA GENERAL HOSPITAL, et al. | § | |

## MEMORANDUM AND ORDER ON
## HAROLD GENE VANDERBURG'S MOTION TO DISMISS

Once again this Court has been called upon to address the unseemly dispute among the heirs and representatives of Decedent, Dorothy Jean Vanderburg, as to who should be allowed to present her personal injury claim, and what this Court should do with the settlement funds paid by the insurer of the pharmacist Fenoglio who has been dismissed from these consolidated cases. The factual background on this unseemly dispute was summarized in my Memorandum and Order dated April 4, 2007 and my Recommendation to the District Court in Cause No. 7:07-CV-048-R of the same date. Following my April 4, 2007 Recommendation, on May 1, 2007 the District Court remanded that removed cause back to the state probate court, thereby permitting the state court to determine who should be the estate's representative. My Order of April 4, 2007 specifically granted both John R. Fitch and Harold Vanderburg a 90-day extension to qualify or secure the appointment of the representative. That 90-day period has now expired. Now before the Court is Harold Vanderburg's Motion to Dismiss John R. Fitch as the personal representative since he could not get qualified as the executor within the 90-day extension granted by my Order. By Response, John R. Fitch lays the blame for the delay in the probate court at the feet of Harold Vanderburg for either secreting Dorothy Vanderburg's Will or at least not

being forthright about his knowledge concerning the Will which may or may not be offered for probate and which may or may not result in the naming of an executor or administrator and/or the commensurate issuance of Letters Testamentary or Letters of Administration, as the case may be. In the meantime, the matters pending before the probate court have ground to a halt. Likewise, in the meantime, Harold Vanderburg's attorney apparently holds some $160,535.00 in settlement funds which may or may not have accrued to the beneficiaries of the estate of Billie J. Huggins, including John R. Fitch, her son and the court-appointed administrator of her estate.

This Court is loathe to interfere with the Texas probate court's power and authority to adjudicate whether or not Dorothy Vanderburg died testate or intestate; whether or not there is a necessity for the administration of her estate; and whether or not or who should be appointed as her executor or administrator. So, this Court will not.

However, until the probate court makes that decision, this Court does have the authority to recognize a proper substituted party in interest. Unless and until the State probate court makes a ruling with respect to the appointment of a proper representative of the Estate of Dorothy Vanderburg, John R. Fitch, as Executor of the estate of Billie J. Huggins (who was an heir of Dorothy Vanderburg) and Harold Gene Vanderburg (as an heir of Dorothy Vanderburg) are each proper parties representative of the Estate of Dorothy Jean Vanderburg.

Accordingly, Cause No. 7:03-CV-005-KA (Billie J. Huggins' lawsuit) and No. 7:03-CV-008-KA (Harold Gene Vanderburg's lawsuit) shall be, and are hereby, **CONSOLIDATED** for all purposes with both John R. Fitch and Harold Gene Vanderburg as real parties in interest.

This consolidation has the same effect as if two co-tenants filed a lawsuit together as plaintiffs seeking a single recovery against a trespasser or thief. Each may continue to be represented by their respective counsel. To the extent that reference needs to be made to the old cause numbers, they will be consolidated under Cause No. 7:03-CV-005-KA, the first filed cause.

Turning now to the settlement funds, I find that any funds paid in settlement will most likely inure to the benefit of both parties in interest, in some ratio as yet undetermined, and that continued

custody and control of those funds by a disputing single party through that disputant's attorney is not appropriate. Accordingly, unless John R. Fitch and Harold Gene Vanderburg enter into a joint depository agreement within thirty (30) days of the date of this Order whereby the settlement funds will be placed in escrow with a third party custodian, Plaintiff Harold Vanderburg is ordered to deposit all of the settlement funds into the registry of this Court to abide further orders of this Court.

**IT IS SO ORDERED,** this 23rd day of August, 2007.

*/s/ Robert K. Roach*
**ROBERT K. ROACH**
**UNITED STATES MAGISTRATE JUDGE**